

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge
Jonni Paulsen, Judicial Assistant
Andrea Breinholt, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

March 31, 2020

Mr. Justin D. Leonard *ECF ONLY*
Leonard Law Group LLC
1 SW Columbia #1010
Portland, OR 97204

Mr. Lauren John Paulson
16131 W. Hoffeldt Ln. #38
Brookings, OR 97415

Re: Lauren John Paulson; Case No. 09-32439-tmr7
    Ruling on Standing

Dear Mr. Paulson and Mr. Leonard:

Mr. Paulson asserts that the bankruptcy court has failed to address his concerns about standing in this bankruptcy case. In response, I invited him to file additional support for his concerns and to review the docket to make sure it reflected all his filings. *See* Record of Proceeding, Doc. #240. His most recent submissions, filed on March 11, 2020, as Doc. #246 and #247, reflect many of the same concerns he raised earlier in the case.

Following his filings, I reviewed the documents filed in both the bankruptcy case and the related adversary proceeding (Adv. Proc. No. 11-3309) from the beginning of the case through the March 11, 2020, filings in the main case. Those documents also referenced rulings in other courts including the Oregon District Court, the Ninth Circuit Bankruptcy Appellate Panel, and the Ninth Circuit Court of Appeals. To the extent necessary, I take judicial notice of the filings in those cases and reference where I have done so in this ruling. In this letter, I address the raised concerns about lack of standing.

Standing

Mr. Paulson suggests that at no time during the extended life of this bankruptcy case has any judge examined "the creditors'" constitutional standing, and he requests that I do so. *See* Paulson Response to Trustee, Doc. #232, page 2; Paulson Further Response, Doc. #236, page 14; Paulson Letter, Doc. #246, page 3. Mr. Paulson identifies the parties without standing as FHLF, LLC (FHLF), and Fairway America Corporation (Fairway). *See* Paulson Response, Doc. #232,

on page 3, stating that "FHLC, LLC and the original creditor, Fairway (aka Fairway America), does not have and has never had Standing."

Constitutional Standing

Issues of standing involve both constitutional and prudential standing. The United States Constitution limits a federal court's jurisdiction to matters involving a "case or controversy" under Article III. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (jurisdiction limited to where plaintiff has injury). Mr. Paulson correctly asserts that constitutional standing "is a threshold jurisdictional requirement" and, because it's based on the Constitution, it cannot be waived. *See Warth v. Seldin*, 422 U.S. at 498; *Pershing Park Villas Homeowners Assoc. v. Unified Pac. Ins. Co.*, 219 F.3d 895, 900 (9th Cir. 2000).

To find constitutional standing, a court must determine whether the party has a personal stake in the proceeding such that it suffered an injury in fact that can be addressed by the court. *Warth v. Seldin*, 422 U.S. at 498. In a bankruptcy case, the automatic stay of 11 U.S.C. § 362(a) adversely affects any party in interest that is prevented from pursuing its rights against the debtor, property of the debtor, or property of the estate. *Edwards v. Wells Fargo Bank, N.A. (In re Edwards)*, 454 B.R. 100, 104 n. 6 (9th Cir. BAP 2011) ("Constitutional standing is rarely lacking when a creditor seeks relief from the automatic stay. . . .").

Prudential Standing

In addition to constitutional standing, a party must have prudential standing by showing a direct and adverse interest in the proceeding. *See Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir. 2011) (uses "person aggrieved" test). The party must assert rights on its own behalf and not on behalf of a third party. *See Warth v. Seldin*, 422 U.S. at 509. This limitation is subject to ratification by the real party in interest. *See Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). Unlike constitutional standing, a party's failure to raise prudential standing in a timely manner may waive it. *Pershing Park Villas*, 219 F.3d at 899 (does not involve constitutional protections).

Standing in Context of Relief from Stay

Litigation over relief from stay is not a determination that movant holds a valid, perfected, and enforceable lien. The movant need only have a "colorable claim" to the property at issue. *Arkison v. Griffin (In re Griffin)*, 719 F.3d 1126, 1128 (9th Cir. 2013) (per curiam) ("final adjudication of the parties' rights and liabilities has yet to occur"). The bankruptcy court only determines whether the parties should be released from the bankruptcy stay to argue the merits in another forum.

In this case, FHLF filed a motion for relief from stay (Doc. #16) in which it asserted its rights to pursue foreclosure as the assignee of Fairway. The motion attached a copy of the Fairway note and two deeds of trust, along with the recording numbers for two assignments of the deeds of trust and related notes to FHLF. An amended motion to prohibit the use of cash collateral (Doc. # 18) made the same assertions. (Later in the case, copies of the assignments to FHLF, consistent with the recording numbers in the relief from stay and cash collateral motions,

were included in FHLF's memorandum in support of its settlement with the trustee (Doc. #100, Exhibit 4).)

Subsequent to the filing of the motion for relief from stay, Mr. Paulson agreed to the terms of an order prohibiting the use of cash collateral (Doc. #27), thereby stipulating to the rights of FHLF to its claimed interest in the collateral and confirming the assignment from Fairway. Mr. Paulson also agreed to the terms of a stipulated order for relief from stay (Doc. #51) in which he agreed to a deadline of August 31, 2009, to sell the properties. In that stipulated order, Mr. Paulson agreed, and the court ordered, that FHLF "shall be entitled" to hold a foreclosure sale and that he shall take no action to prevent the sale. The entitlement of FHLF to hold the foreclosure sale evidences the parties' agreement on standing, thus allowing it to assert the claims to the note and deeds of trust.

After conversion of the case on November 25, 2009, FHLF filed another motion for relief from stay to confirm its rights following the conversion and the completed foreclosure sale (Doc. #78). It soon filed an amended motion (Doc. #80) specifically alleging that it was the purchaser at the foreclosure sale held on September 29, 2009.

The claimed rights of FHLF as assignee and purchaser establish standing for relief from stay purposes. In his response to the motion for relief from stay, Mr. Paulson made assertions about lack of proper procedure and flaws in the foreclosure process. Doc. #85. Mr. Paulson's response, however, further represented that "Debtor does not dispute that FHLF had and has the authority to sell the properties in a foreclosure sale." Doc. #85, page 3. This response confirms Mr. Paulson's agreement that FHLF had standing. Further, in its ruling granting the motion, the bankruptcy court relied on the representation and effectively overruled any concerns over standing by granting the motion for cause. Doc. #87.

In the adversary proceeding (Adv. Proc. No. 11-3309), Mr. Paulson filed a motion to compel which attached his motion to declare standing (Adv. Proc. Doc. #51). The hearing record, at which the bankruptcy court denied the motion to compel, reflects that the court ruled that standing was not an issue before the court. Adv. Proc. Doc. #55. The order denying the motion to compel (Adv. Proc. Doc. #61) confirmed that the standing of FHLF was not an issue in the adversary proceeding. The order further stated that any issues could be raised in the state court FED proceeding.

The bankruptcy court's report and recommendation (Adv. Proc. Doc. #70) asserted that any claims related to "wrongful foreclosure" could be addressed in the FED. Again, Mr. Paulson objected to the report and recommendation and asserted the same standing objections. In its order adopting the recommendations (Adv. Proc. Doc. #77), the district court confirmed standing and repeated that any issues could be addressed in the FED proceeding.

The rulings by both the bankruptcy court and the district court confirm that FHLF had standing and are consistent with Ninth Circuit law on determining standing for relief from stay. *See Griffin*, 719 F.3d at 1128 (released only to argue merits in separate forum). In addition, Mr. Paulson was on notice that any disputes over standing and the rights of FHLF must be litigated in the state court.

District Court Ruling

In 2014, Mr. Paulson filed a civil complaint in U.S. District Court against various defendants including Fairway and FHLF. *See Paulson v. Fairway America Corp., et al.*, Civil Case No. 1:14-cv-1544-CL, Doc. #1. In his complaint, Mr. Paulson sought relief against the defendants including assertions that "None of these lenders have Legal Standing to foreclose. . . ." Complaint at pages 3-4. The assigned magistrate judge issued a report and recommendation (Doc. #8) that the case should be dismissed.

The district court judge conducted de novo review and entered an order adopting the report and recommendation while dismissing the case with prejudice. *See Paulson v. Fairway America Corp., et al.*, Civil Case No. 1:14-cv-1544-CL, 2015 WL 588851, at *7 (D. Or. Feb. 11, 2015) (unpublished), appeal dismissed (9th Cir. 15-35195) (May 5, 2015). The district court relied on the determinations in two concluded cases and ruled that standing was addressed by those courts. The court said about the earlier district court case, "By ruling in FHLF, LLC's favor, this court implicitly determined that FHLF, LLC had standing." *See Paulson v. Fairway America Corp., et al.*, 2015 WL 588851, at *4, citing *Stoll v. Gottlieb*, 305 U.S. 165, 171-72 (1938) (court determines jurisdiction by entering judgment).

Regarding the state court FED proceeding, the district court said, "Because FHLF, LLC was the only plaintiff in the FED actions, the judgment shows the state court concluded FHLF, LLC had standing. Plaintiff is barred from raising claims here related to the validity of the foreclosure and eviction." *See Paulson v. Fairway America Corp., et al.*, 2015 WL 588851, at *5. The district court went on to say that a party who had the opportunity to litigate the issues may not collaterally attack the adverse judgment based on jurisdiction. *See Paulson v. Fairway America Corp., et al.*, 2015 WL 588851, at *4, citing *Ins. Corp. of Ireland v. Compaqnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982).

In his arguments to both this court and the district court, Mr. Paulson cited to the Oregon District Court case of *Rinegard-Guirma v. Bank of America, Nat. Ass'n*, Civil Case No. 10-cv-1065-PK, 2010 WL 3945476 (D. Or. Oct. 6, 2010), asserting that its holding requires the conclusion that FHLF never had constitutional standing in any of these cases. *See, e.g.*, Paulson Further Response, Doc. #239, page 15. The district court addressed this argument by clarifying that the ruling in *Rinegard-Guirma* was limited to a preliminary injunction on a pending foreclosure and, therefore, not on the merits. Ultimately, the court terminated the injunction and dismissed the case. *See Rinegard-Guirma v. Bank of American, Nat. Ass'n*, 2013 WL 5934548, at *8 (D. Or. Nov. 1, 2013). The district court further stated that any value in the cited opinion was "superseded by subsequent decisions clarifying Oregon law." *Paulson v. Fairway America Corp., et al.*, 2015 WL 588851, at *4, citing *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668 (2013).

Mr. Paulson appealed the district court's ruling to the Ninth Circuit Court of Appeals. After dismissal for failure to pay the filing fees (*See* order filed May 5, 2015), the Circuit reinstated the appeal by order filed July 28, 2015. That order, however, made a finding that the appeal was frivolous ("we find that the appeal is frivolous"), and set a final deadline for addressing deficiencies in the appeal. When no action was taken, the Circuit dismissed the appeal by order entered September 8, 2015. Therefore, the matters including standing addressed in the underlying district court decision are final and binding.

Conclusion

Contrary to the assertions of Mr. Paulson, several judges did specifically address standing of FHLF and its predecessor Fairway. All determined FHLF had standing to obtain relief from stay and thereby seek its state court relief. Mr. Paulson should have litigated in state court his disputes over FHLF's rights and his concerns over the process and paperwork. As the district court ruled, every court that made a ruling related to this case necessarily decided standing. Parties cannot later collaterally attack a ruling by asserting that the prevailing party did not have standing. *See also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 861-62 (9th Cir. 2008) (challenge waived).

Therefore, standing has been previously addressed on multiple occasions. The district court clearly and directly addressed standing in its case and in two related cases. We cannot revisit the issue again in bankruptcy court. Such a collateral attack on other court rulings is not proper. I will deny Mr. Paulson's request for relief based on standing in a separate order.

Mr. Paulson formally and informally raised additional issues including termination of the trustee, Ball Janik's fees, property of the estate, and other matters related to the administration of the estate and the handling of his case. In addition, his filings contain references to other courts and concerns about what he calls judicial misconduct. As we previously discussed, the bankruptcy court will not address claims of judicial misconduct, which must be filed elsewhere, or forward matters to other courts. To the extent he has remaining concerns about issues in the bankruptcy case, I will address them in the context of properly filed objections to the trustee's final report, which she should file promptly.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:jrp